hPEATROSS, J.
In this appeal, the mother, Ms. S, appeals the trial court’s judgment terminating her parental rights to her three minor children, SSS, JJS and KKS. For the reasons stated herein, we affirm.

FACTS

The minor children, SSS, JJS and KKS, came into the custody of the Department of Social Services (the “Department”) in July 2002 on a report of abuse or neglect. The initial stated goal of the Department was one of reunification, with the Department developing a case plan to work toward that goal. After more than one year had passed with the children in foster care and following its determination that Ms. S had not substantially complied with the requirements of the case plan, the Department filed a petition for termination of parental rights and certification for adoption.
A hearing was held on March 12, 2004. After hearing the testimony of several witnesses, including Ms. S, the trial court agreed with the Department that Ms. S had failed to substantially comply with the case plan and that there was no reasonable expectation of significant improvement in her condition or conduct. The trial court granted the petition and certified the children for adoption. This appeal ensued.

DISCUSSION

Termination of parental rights is governed by Title X of the Children’s Code. As it applies to this case, termination of parental rights is warranted when (1) at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; (2) there has been no substantial parental compliance with a case plan for services which has been [¡^previously filed by the department and approved by the court as necessary for the safe return of the child; and (3) despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable and permanent home. La. Ch. C. art. 1015(5).
Lack of parental compliance with a case plan is defined as one or more of the following:
(1) The parent’s failure to attend court-approved scheduled visitations with the child.
(2) The parent’s failure to communicate with the child.
(3) The parent’s failure to keep the department apprised of the parent’s whereabouts and significant changes affecting the parent’s ability to comply with the case plan for services.
(4) The parent’s failure to contribute to the costs of the child’s foster care, if ordered to do so by the court when approidng the case plan.
(5) The parent’s repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.
(6) The parent’s lack of substantial improvement in redressing the problems preventing reunification.
(7) The persistence of conditions that led to removal or similar potentially harmful conditions.
La. Ch. C. art. 1036 C.
Lack of reasonable expectation of significant improvement in the parent’s conduct *155 in the near future may be proved by any of the following:
(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based | Rupon expert opinion or based upon an established pattern of behavior.
(2) A pattern of repeated incarceration of the parent that has rendered the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time.
(3) Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.
La. Ch. C. art. 1036 D.
The state must prove the elements of one of the enumerated grounds by clear and convincing evidence to sever the parental bond. La. Ch. C. art. 1035 A; Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); State ex rel. SMW, 00-3277 (La.2/21/01), 781 So.2d 1223. To meet this burden, the state need establish only one statutory ground for termination, but the court must also find that termination is in the best interest of the child. La. Ch. C. art. 1037 B; State ex rel. SMW, supra.
The issues of parental compliance with a case plan, the parent’s expected success of rehabilitation, and the expectation of significant improvement in the parent’s condition and conduct are questions of fact in a termination proceeding. State ex rel. ARH v. Hines, 35,800 (La. App.2d Cir.2/27/02), 810 So.2d 1166. The appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong. In re AJF, 00-0948 (La.6/30/00), 764 So.2d 47. Under this standard, if there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly 14erroneous or clearly wrong. State in Interest of SMW, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989).
In State ex rel. MAS, 38,677 (La. App.2d Cir.5/7/04), 873 So.2d 817, we explained that a reasonable expectation of reformation is found to exist if the parent has cooperated with state officials and has shovm improvement, although all of the problems that exist have not been eliminated. See also State in Interest of L.L.Z. v. M.Y.S., 620 So.2d 1309 (La.1993). “Reformation” means more than mere cooperation with agency authorities. It is shown by a “significant substantial indication of reformation ... such as altering or modifying in a significant way the behavior which served as a basis for the state’s removal of a child from the home.” State ex rel. MAS, supra citing State in the Interest of LLZ, supra. Furthermore, we have held that “[a] parent who professes an intention to exercise his or her parental rights and responsibilities must take some action in furtherance of the intention to avoid having those rights terminated.” Id.
With these concepts of parental reformation and the statutory guidance in mind, our review of the record reveals no manifest error in the trial court’s finding that there was not substantial compliance with the case plan in this case and that there exists no reasonable expectation of significant improvement in Ms. S’s condition in the near future and, finally, we find that it is in the best interest of the children that Ms. S’s parental rights be terminated and they be freed for adoption.
*156 We will first address the issue of compliance with the case plan. The evidence supports the trial court’s conclusion that Ms. S failed to ^substantially comply with the case plan. The record reveals that Ms. S had both a substance abuse problem and a mental health problem. In her testimony, Ms. S admitted that she had not complied with the aftercare plan for her substance abuse problem. We agree with the trial court that the excuses provided by Ms. S for missing the aftercare meetings, i.e., she had other things to do, etc, were inadequate. In addition, Ms. S testified that she was no longer taking drugs; however, a drug screen during her alleged recovery was positive for phenobarbital and barbiturates and she refused another requested drug test on a different date. In addition, Ms. S has a history of inadequate housing. When the children were taken into the custody of the Department, the family was homeless. The record indicates that Ms. S has made numerous moves, approximately seven, since that time. We acknowledge that Ms. S has lived in the same residence for the three to four months preceding the trial of this matter; however, given her history, we cannot find error in the trial court’s conclusion that this does not rise to the level of a physical stability. Also, we find significant the fact that the Department was unable to locate Ms. S for a period of time during the first year the children were in its custody, despite the requirement that she keep the Department apprised of her current address.
Next, we turn to Ms. S’s mental health issues and any improvement or likelihood of reformation on her part. The record supports the finding that Ms. S is emotionally unstable. There was testimony adduced establishing that Ms. S angers quickly, has problems controlling her temper and is prone to outbursts, sometimes physical, when things do not “go her way.” It was ^undisputed that Ms. S attended only 28 of 57 group therapy meetings and was tardy when she did attend and usually left the meetings early. Group therapy is important to the mother’s stability in light of her high “stress” condition and anger control issues. On one occasion when Ms. S did attend group therapy, the testimony reveals that she became angry at her group therapy counselor and became physically combative, hitting the counselor with her purse. Further, while Ms. S did attend most visitation sessions with the children, there was testimony that she did not always exhibit appropriate behavior with the children and expressed her frustration and anger in inappropriate ways with the children. Our review of the record reveals little evidence that Ms. S has altered or changed her behavior significantly or taken significant actions to achieve the goal of getting her children back. See State in the Interest of LLZ, supra.
Regarding the children, the therapist who had counseled the older two children testified that they are doing very well in foster care and want and desire stability in their lives. The trial court found significant the therapist’s testimony that the children did not look to their mother for that stability. We agree. Compounding this situation is the fact that at least one if not two the children are special needs children, the oldest having been diagnosed with ADHD. These children are in need of a stable, loving and supportive environment and a family with the resources and ability to care for their needs.
In summary, this record contains sufficient evidence to support the trial court’s reasonable findings that Ms. S failed to substantially comply |7with the case plan and that there is no reasonable expectation of significant improvement in Ms. S’s conduct in the near future. We do not find the trial court’s conclusions that Ms. S’s *157 parental rights should be terminated and that it is in the best interest of these children that they be certified for adoption to be manifestly erroneous.

CONCLUSION

For the foregoing reasons, the judgment of the trial court termination the parental rights of Ms. S to the children, SSS, JJS and KKS, and certifying the children for adoption is affirmed. Costs of appeal are taxed to Ms. S.
AFFIRMED.