hPEATROSS, J.
The father, T.H., appeals a judgment terminating his parental rights to his two minor children, Z.L.H. and H.D.H.[1] For the reasons stated herein, we affirm.

FACTS

The minor children involved in this case are Z.L.H., a boy, who is now 4 years old, and H.D.H., a girl, who is now 2 years old. T.H. is the legal, not biological, father of Z.L.H. The biological father of Z.L.H. is unknown and has not provided any care and support for the child.[2] T.H., however, is the legal and biological father of H.D.H.
The two children were taken into custody of the Department of Social Services (“Department”) on September 25, 2002, and were declared to be in need of care on October 31, 2002. There were also two minor step-children of T.H.’s living in the home at the time Z.L.H. and H.D.H. were removed from the home. These two stepchildren were found to have been sexually molested and raped by T.H. This occurred while Z.L.H. and H.D.H were in the home. T.H. was indicted for the above-described offenses on his two step-children and has a history of sexually molesting juveniles, including his own siblings. In addition, according to the Department, the mother has consistently had men in her life who have abused her children.
In December 2003, the Department filed a Petition for Termination of Parental Rights of T.H. and E.H. At the time the petition was filed, T.H. hwas incarcerated awaiting trial on charges related to his sexual abuse of his two minor step-children as earlier mentioned. The petition alleged, inter alia, that T.H. had abandoned the children, had failed to provide significant contributions to the children’s care and support and had failed to maintain significant contact with the children. Further, the petition alleged that T.H. was not in substantial compliance with the case plan filed by the Department and showed no reasonable expectation of significant improvement. Specifically, T.H. refused to attend or schedule any sexual perpetrator sessions; failed to complete parenting classes; failed to complete anger management classes; and failed to start budgeting classes to which he was referred by the Department. Finally, the petition alleges the passive abuse based on the alleged sexual molestation by T.H. of his two minor step-children while Z.L.H. and H.D.H. were in the home.
After trial, the trial judge found that T.H. sexually molested and raped his stepchildren who were minors, while Z.L.H. and H.D.H. were living in the same house. The trial judge further found that T.H. failed to substantially comply with his case plan, most importantly by failing to complete sexual perpetrator counseling. In addition, the trial judge found that T.H. had failed to participate in parenting, anger management and budgeting classes and had failed to complete a TPR-2 packet and submit a written plan for the children to the agency. Citing La. Ch. C. arts. 1015 and 1036, the trial judge concluded that grounds for termination of T.H.’s parental rights had been proven by clear and convincing evidence. Finally, based on these findings, the trial judge concluded that it was in the best | ¡¡interest of the *748 children that T.H.’s parental rights be terminated and the children freed for adoption. This appeal ensued.

DISCUSSION

Termination of parental rights is governed by Title X of the Children’s Code. La. Ch. C. art. 1015 provides, in pertinent part, as follows:
The grounds for termination of parental rights are:
(3) Misconduct of the parent toward this child or any other child of the parent or any other child in his household which constitutes extreme abuse, cruel and inhuman treatment, or grossly negligent behavior below a reasonable standard of human decency, including but not limited to the conviction, commission, aiding or abetting, attempting, conspiring, or soliciting to commit any of the following:
* * *
(d) Rape.
* * *
(i) Abuse or neglect which is chronic, life threatening, or results in gravely disabling physical or psychological injury or disfigurement.
* * *
(Z) Sexual abuse, which shall include, but is not limited to acts which are prohibited by R.S. 14: 43.1, 43.2, 80, 81, 81.1, 81.2, 89 and 89.1.
* * *
(4) Abandonment of the child by placing him in the physical custody of a nonpar-ent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
(a) For a period of at least four months as of the time of the hearing, despite a diligent search, the whereabouts of the child’s parent continue to be unknown.
|4(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.
(5)Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable, and permanent home.
Specifically, under La. Ch. C. art. 1015(5), as stated above, termination of parental rights is warranted when (1) at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; (2) there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and (3) despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his *749 need for a safe, stable and permanent home. Lack of parental compliance with a case plan is defined as one or more of the following:
(1) The parent’s failure to attend court-approved scheduled visitations with the child.
(2) The parent’s failure to communicate with the child.
(3) The parent’s failure to keep the department apprised of the parent’s whereabouts and significant changes affecting the | ^parent’s ability to comply with the case plan for services.
(4) The parent’s failure to contribute to the costs of the child’s foster care, if ordered to do so by the court when approving the case plan.
(5) The parent’s repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.
(6) The parent’s lack of substantial improvement in redressing the problems preventing reunification.
(7) The persistence of conditions that led to removal or similar potentially harmful conditions.
La. Ch. C. art. 1036 C.
Lack of reasonable expectation of significant improvement in the parent’s conduct in the near future may be proved by any of the following:
(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior.
(2) A pattern of repeated incarceration of the parent that has rendered the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time.
(3)Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.
La. Ch. C. art. 1036 D.
The State must prove the elements of one of the enumerated grounds by clear and convincing evidence to sever the parental bond. La. Ch. C. art. 1035 A; State ex rel. S.S.S., J.J.S. and K.K.S., 39,047 (La.App.2d Cir.8/18/04), 880 So.2d 153, citing Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) and State ex rel. S.M.W., 00-3277 (La.2/21/01), 781 So.2d 1223. To meet this burden, the state need establish only one statutory ground for termination, but the court must also find that | ^termination is in the best interest of the child. La. Ch. C. art.. 1037 B; State ex rel. S.M.W., supra. The is sues of parental compliance with a case plan, the parent’s expected success of rehabilitation and the expectation of significant improvement in the parent’s condition and conduct are questions of fact in a termination proceeding. State ex rel. S.S.S., J.J.S. and K.K.S., supra, citing State ex rel. A.R.H. v. Hines, 35,800 (La.App.2d Cir.2/27/02), 810 So.2d 1166. The appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47. Under this standard, if there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. State ex rel. S.S.S., J.J.S. and K.K.S., supra; State ex rel. S.M.W., supra; Rosell v. ESCO, 549 So.2d 840 (La.1989).
*750 The record before us clearly and convincingly shows that T.H. has engaged in sexually deviant behavior toward his step-children while Z.L.H. and H.D.H. were living in the same home. This is supported by the testimony of at least six adult witnesses and the taped interviews of the victims. The trial judge’s conclusion that this constitutes sufficient grounds for termination of T.H.’s parental rights as to Z.L.H. and H.D.H. is not manifestly erroneous. Next, the testimony of case worker Carol Dean indicates that T.H. failed to complete key aspects of the case plan. In fact, Ms. Dean testified that T.H. told her that he was not going to participate in the various required classes, especially the sexual perpetrator assessment. On this record, we cannot say that the trial judge was clearly wrong to find 17that the State proved all three elements required to terminate parental rights. State ex rel. D.S.C. v. J.C.R., 35,893 (La.App.2d Cir.2/27/02), 811 So.2d 198. Furthermore, we find ample evidence in this record to support the trial judge’s conclusion that termination of parental rights of T.H., thereby making Z.L.H. and H.D.H. available for adoption, is in the best interest of the children. La. Ch. C. art. 1037 B.

CONCLUSION

For the foregoing reasons, the judgment of the trial court terminating the parental rights of T.H. to the minor children Z.L.H. and H.D.H. is affirmed. Costs of appeal are assessed to T.H.
AFFIRMED.

. The parental rights of the mother, E.H., were also terminated by the judgment below; however, the mother did not file a brief on appeal and her appeal has been dismissed. This opinion, therefore, will be limited to a discussion of facts and issues specifically related to the termination of T.H.’s parental rights.

. The judgment below terminated the parental rights of the biological father of Z.L.H., which has not been appealed.